ORIGINAL

DANIEL F. S. LEE  673
500 Ala Moana Boulevard
Suite 3-403
Honolulu, HI  96813
Telephone:  537-1233

Attorney for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC  6 2006

at 9 o'clock and 0 min. W M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EURUS GENOMICS, INC., a Delaware corporation, and DANA ICHINOTSUBO, | CIVIL NO. CV06 00651 |
| Plaintiffs, | COMPLAINT; SUMMONS, |
| vs. | |
| GENESYS TECHNOLOGIES, INC., a Japan corporation, and TOSHIAKI SUZUKI, | |
| Defendants. | |

2006\1206-1.eur

## COMPLAINT

Come now Plaintiffs and for complaint against Defendants allege as follows:

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1332.

2. Defendant Genesys Technologies, Inc. is a corporation organized under the laws of Japan and having a principal place of business located at Fujisawa-Komezen Bldg 4F, 1-1-17 Kugenuma-Shigami, Fujisawa-shi, Kanagawa 251-0025 Japan.

3. Defendant Toshiaki Suzuki is a Japanese citizen residing in Fujisawa, Japan and having a principal place of business located at Fujisawa-Komezen Bldg 4F, 1-1-17 Kugenuma-Shigami, Fujisawa-shi, Kanagawa 251-0025 Japan.

4. Defendants have joint and severable liability for the causes of action set forth herein unless otherwise noted.

5. Plaintiff Eurus Genomics, Inc. is a corporation organized under the laws of the State of Delaware and having a principal place of business located at 500 Ala Moana Boulevard, Suite 3-405, Honolulu, Hawaii 96813.

6. Plaintiff Dana Ichinotsubo is an individual with an address at 500 Ala Moana Boulevard, Suite 3-405, Honolulu, Hawaii 96813.

7. Defendants have voluntarily subjected themselves to the jurisdiction of this Court through their actions which include, *inter alia*, entering into one or more contracts with Plaintiffs, said contracts specifically requiring actions to be taken and completed within this jurisdiction.

8. On or about July 26, 2005, the Plaintiff(s) and Defendant(s) entered into a contract captioned "Research Agreement between Eurus Genomics Inc., and Genesys Technologies, Inc." Pursuant to this contract, Defendants agreed to provide Plaintiffs with research funds and, in turn, Plaintiffs would use their best efforts to conduct research in Breast cancer and Rheumatology. The term of the contract is July

25, 2005 to July 25, 2006 and the term can be modified by circumstances of lack of patient sampling.

9. On or about February 15, 2005, the Plaintiff(s) and Defendant(s) entered into a contract captioned "Eurus Genomics Inc., and Genesys Technologies, Inc. Agreement." Pursuant to this contract, Defendants agreed to provide Plaintiffs with research funds and, in turn, Plaintiffs would use their best efforts to conduct research and samples for Rheumatology patients. The term of the contract is February 15, 2005 until December 31, 2005 renewable for another 12 months until December 31, 2006.

10. Following the execution of the contract identified in paragraph 8, supra, Defendants conveyed that Plaintiffs did not comply with the agreement and indicated the contract be cancelled and all settlement be handled by their respective attorneys.

11. Following the conveyance of details by Defendants, Plaintiffs undertook best efforts in accordance with said contract. To date, Plaintiffs have made best efforts to honor all requirements and obligations of said contract. And indicated to the Defendants to arrange a meeting to further discuss the issues of concern which was not addressed as per terms of the contract. But since notice was given by the Defendants that everything will be handled by the attorneys the said agreement was hereby acknowledged cancelled and made numerous requests to the Defendants to provide the name of Defendant's attorney.

12. Following the execution of the contract identified in paragraph 9, supra, Defendants conveyed that Plaintiffs did not comply with the agreement and indicated the contract be cancelled and all settlement be handled by their respective attorneys.

13. Following the conveyance of such details by Defendants, Plaintiffs undertook best efforts in accordance with the agreement. To date, Plaintiffs have made best efforts to honor all requirements and obligations of said contract. And indicated to the Defendants to arrange a meeting to further discuss the issues of concern which was not addressed as per terms of the contract. But since notice was given by the Defendants that everything will be handled by the attorneys, the said agreement was hereby acknowledged cancelled and made numerous requests to the Defendants to provide the name of Defendants' attorney.

14. On or about November 1, 2006, Defendants began harassing and intentionally interfering with the business of Plaintiffs. Defendant repeatedly and unnecessarily made calls (in excess of twenty (20) per day) and sent harassing emails. Defendants' actions were directed to Plaintiffs, their associates, partners and contractual relations.

15. On or about November 15, 2006, Defendant Suzuki informed the President of Eurus Genomics, K.K. (the parent company of Plaintiff Eurus Genomics, Inc.) that he would be traveling to Hawaii to meet with Dr. Edwin Cadman, Dr. David Curb and Plaintiffs. Although Defendant Suzuki was informed that such meetings could not occur due to previously scheduled business, business related travel and certain personal health conditions of the named individuals, Defendant Suzuki maintained his stated intention of traveling to Hawaii for said unilaterally noticed meetings.

16. Between the dates of November 15, 2006 and November 25, 2006, Plaintiff Ichinotsubo repeatedly contacted Defendant Suzuki, emphatically

4

requesting that Defendants not interfere with Plaintiffs' prior scheduled business, including meetings and business with Eurus' contractual partners, and Plaintiffs' business in general and to cancel any intended travel to Hawaii. Plaintiffs informed Defendant Suzuki that due to scheduled business and the health concerns of certain related individuals, his failure to cancel the threatened travel to Hawaii in order to avoid harm to Plaintiffs' business and contractual relations with others. Defendant Suzuki refused to agree and maintained his stated intent to travel to Hawaii and meet with Defendants regardless of their prior engagements and/or inconvenience.

17. In order to minimize the harm to Plaintiffs' business interests, Plaintiff Ichinotsubo cancelled long standing travel plans to California. This scheduled trip included meetings critical to Plaintiffs' business interests.

18. On or about November 30, 2006, Defendant Suzuki again contacted Plaintiffs directly, informing them that he once again demanded Plaintiffs' attendance at meetings Defendants had unilaterally scheduled in Hawaii for the week of December 4, 2006. Despite repeated requests to cancel his intended travel to Japan, and having been informed of the harm to Plaintiffs' business that would be caused by Defendant Suzuki's intentional interference with Plaintiffs' business, Defendant Suzuki refused to confirm that he would not proceed with the intentional interference.

19. Defendants were informed more than twice, that per Plaintiffs' request that the Agreements were terminated and to forward all settlement matters to the respective attorneys and never stated any other subject matters which could reasonable justify Defendants' actions.

20. Defendants had full notice that their intended and threatened actions would cause direct and proximal harm to Plaintiffs. Despite such notice, Defendants intentionally acted in a manner which it knew, or should have known, would cause direct or proximate harm to Plaintiffs. Even after being informed of the harm that had been caused by the first threatened interference, Defendants refused to cease and desist from further interference.

21. Defendants' intentional acts have caused direct and proximate harm to Plaintiffs' business and financial interests.

WHEREFORE, Plaintiffs respectfully request the Court:

(a) enter an Order that Defendants have collectively and individually have intentionally interfered with Plaintiffs' business;

(b) enter an Order that Defendants have collectively and individually have intentionally interfered with Plaintiffs' contractual relations with others;

(c) enjoin Defendants from further interference with Plaintiffs' business and contractual relations with others;

(d) award Plaintiffs' damages in an amount of $10,000,000.00;

(e) award Plaintiffs' attorney fees; and

(f) award Plaintiffs' costs.

DATED: Honolulu, Hawaii, December 4, 2006.

_____
DANIEL F. S. LEE

Attorney for Plaintiffs