IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EURUS GENOMICS, INC., a Delaware corporation, and DANA ICHINOTSUBO,<br><br>      Plaintiffs,<br><br>  vs.<br><br>GENESYS TECHNOLOGIES, INC., a Japan corporation, and TOSHIAKI SUZUKI,<br><br>      Defendants.<br><br>  and<br><br>GENESYS TECHNOLOGIES, INC.,<br><br>      Counterclaim Plaintiff,<br><br>  vs.<br><br>EURUS GENOMICS, INC. and DANA ICHINOTSUBO,<br><br>      Counterclaim Defendants. | CIVIL NO. 06-00651 SOM/LEK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## **MEMORANDUM IN SUPPORT OF MOTION**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT.

      Plaintiff Eurus Genomics, Inc. ("Eurus") and Defendant Genesys Technologies, Inc. ("Genesys") entered into several written agreements. *See* Compl. at ¶¶ 8 - 9. Eurus and Plaintiff Dana Ichinotsubo (collectively referred

as "Plaintiffs") filed a Complaint against Genesys and Defendant Toshiaki Suzuki (collectively referred to as "Defendants") on December 6, 2006 under this Court's diversity jurisdiction. *Id.* at ¶ 1. Plaintiffs alleged that Defendants intentionally interfered with Plaintiffs' contractual relations. *Id.* at ¶ 20.

The Complaint should be dismissed under Rule 12(b)(6) since Plaintiffs failed to allege all of the necessary elements for what appears to be a tortious interference with contractual relations claim. In the alternative, Plaintiffs should be required to plead their cause of action with more specificity under Rule 12(e) since Defendants cannot reasonably frame a responsive pleading without adequate notice of Plaintiffs' specific claims.

II.     STANDARD OF REVIEW FOR DISMISSAL UNDER RULE 12(b)(6).

A complaint should be dismissed under Rule 12(b)(6) if it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

III.    THE COMPLAINT SHOULD BE DISMISSED SINCE PLAINTIFFS FAILED TO ALLEGE ALL OF THE NECESSARY ELEMENTS OF TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS.

In this diversity action, Plaintiffs' claims for relief must be based upon Hawaii substantive law. *Snead v. Metropolitan Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001); *Haskell v. State Farm Auto. Ins. Co.*, 187 F.Supp.2d

1231, 1236 (D. Haw. 2002). The requisite elements of tortious interference between contractual relations under Hawaii law are: (1) a contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional inducement of the third party to breach the contract; (4) the absence of justification on the defendant's part; (5) the subsequent breach of contract by the third party; and (6) damages to the plaintiff. *Weinberg v. Mauch*, 78 Hawai'i 40, 50, 890 P.2d 277, 287 (1995).

In the case at bar, Plaintiffs failed to allege all of the necessary elements for a cause of action for tortious interference with contractual relations. First, Plaintiffs failed to allege the existence of any valid contractual relationship with a third party. Second, Plaintiffs failed to allege that Defendants had any knowledge of the existence of any contractual relationship between Plaintiffs and a third party. Third, Plaintiffs failed to allege that Defendants intentionally induced any third party to breach their contract with Plaintiffs. Fourth, Plaintiffs failed to allege the subsequent breach of contract by the third party.

Consequently, the Complaint should be dismissed since it appears beyond doubt that Plaintiffs can prove no set of facts which would entitle Plaintiffs to relief.

IV.     IF THE COURT DOES NOT DISMISS THE COMPLAINT, DEFENDANTS REQUEST THAT THE COURT ENTER AN ORDER REQUIRING PLAINTIFFS TO PLEAD WITH MORE SPECIFICITY.

Under Fed. R. Civ. P. 12(e), if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. *Felton v. Hoover*, 56 Fed.Appx. 837 (9th Cir. 2003).

If the Court does not dismiss the Complaint, Defendants request that this Court enter an Order requiring Plaintiffs to amend their Complaint to provide a more definite statement in order to specify the allegations in a manner that provides sufficient notice of their claim against Defendants.

V.     CONCLUSION.

Based upon the foregoing points and authorities, Defendants respectfully request that this Court grant this motion and dismiss the Complaint under Rule 12(b)(6) since Plaintiffs failed to state a claim against Defendants upon which relief can be granted. In the alternative, Defendants request that this Court enter an Order requiring Plaintiffs to amend their Complaint to provide a more

definite statement in order to specify the allegations in a manner that provides sufficient notice of their claim against Defendants.

DATED: Honolulu, Hawaii, January 11, 2007.

      /s/ DUANE R. MIYASHIRO
DUANE R. MIYASHIRO
JOHN P. DOBROVICH, JR.

Attorneys for Defendants
GENESYS TECHNOLOGIES, INC.
AND TOSHIAKI SUZUKI