IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EURUS GENOMICS, INC., a Delaware corporation, and DANA ICHINOTSUBO, )))) | CIVIL NO. 06-00651 SOM/LEK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| Plaintiffs, ) | |
| vs. ) | |
| GENESYS TECHNOLOGIES, INC., a Japan corporation, and TOSHIAKI SUZUKI, )))) | |
| Defendants. ) | |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

I.      INTRODUCTION.

On December 6, 2006, Plaintiffs Eurus Genomics, Inc., ("Eurus"), and Dana Ichinotsubo ("Ichinotsubo") (collectively, "Defendants") filed this action against Defendants Genesys Technologies, Inc. ("Genesys"), and Toshiaki Suzuki ("Suzuki"). Although the Complaint is not entirely clear, it appears that Plaintiffs assert a claim for tortious interference with contractual relations against Defendants.

On January 11, 2007, Defendants moved for dismissal of the Complaint, arguing that the Complaint fails to "allege all of the necessary elements for a cause of action for tortious interference with contractual relations." Alternatively, Defendants ask for "an Order requiring Plaintiffs to amend their Complaint to provide a more definite statement in order to specify the allegations in a manner that provides sufficient

notice of their claim against Defendants." In response, Plaintiffs say they "do not contest the recitations of law [in Defendants' motion] but, instead, urge this Court to see that they are inapposite." Because the Complaint fails to state a claim upon which relief can be granted, the court grants Defendants' motion to dismiss, but allows Plaintiffs to amend the Complaint.

II.     LEGAL STANDARD.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint when it fails "to state a claim upon which relief can be granted." Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended by 275 F.3d 1188 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).

On a Rule 12(b)(6) motion, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). Conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996). Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2)

insufficient facts under a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988) (citing <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir. 1984)).

III.    BACKGROUND.

According to Plaintiffs, on February 15, 2005, Plaintiffs and Defendants "entered into a contract encaptioned 'Eurus Genomics Inc., and Genesys Technologies, Inc. Agreement'" ("February 15 Agreement").  Complaint ¶ 9.[1]  Pursuant to that contract, Defendants allegedly agreed to provide Plaintiffs with research funds, and Plaintiffs agreed to use their best efforts to conduct research and obtain samples for "Rheumatology patients."  Complaint ¶ 9.  The term of the February 15 Agreement was "February 15, 2005 until December 31, 2005 renewable 12 months until December 31, 2006."  Complaint ¶ 9.

Plaintiffs allege that, although they "made best efforts to honor all requirements and obligations of said contract," "Defendants conveyed that Plaintiffs did not comply with the agreement and indicated the contract be cancelled and all settlement be handled by their respective attorneys."  Complaint ¶¶ 12-13.  Plaintiffs say that "the said agreement was

---

[1] As neither party submitted any evidence to the court on this motion, all background facts are taken from the Complaint.

3

hereby acknowledged cancelled" in light of Defendants' "notice" that the contract would be cancelled.  Complaint ¶ 13.

On July 26, 2005, Plaintiffs and Defendants "entered into a contract captioned 'Research Agreement between Eurus Genomics Inc., and Genesys Technologies, Inc'" ("July 26 Agreement").  Complaint ¶ 8.  By executing that agreement, "Defendants agreed to provide Plaintiffs with research funds and, in turn, Plaintiffs would use their best efforts to conduct research in Breast cancer and Rheumatology."  Complaint ¶ 8.  The term of the July 26 Agreement was "July 25, 2005 to July 25, 2006," but the term could "be modified by circumstances of lack of patient sampling."  Complaint ¶ 8.

Plaintiffs allege that, although they "undertook best efforts in accordance with the [July 26] agreement," "Defendants conveyed that Plaintiffs did not comply with the agreement and indicated the contract be cancelled and all settlement be handled by their respective attorneys."  Complaint ¶ 10-11.  Plaintiffs say that "the said agreement was hereby acknowledged cancelled" in light of Defendants' "notice."  Complaint ¶ 11.

Plaintiffs allege that, on November 1, 2006, "Defendants began harassing and intentionally interfering with the business of Plaintiffs" by calling and emailing Plaintiffs.  Complaint ¶ 14.  On November 15, 2006, Suzuki allegedly informed Eurus' parent company, Eurus Genomics, K.K., that he "would be

traveling to Hawaii to meet with Dr. Edwin Cadman, Dr. David Curb and Plaintiffs."[2]  Complaint ¶ 15.  Plaintiffs say that they informed Suzuki that they could not meet with him, but that "Suzuki maintained his stated intention of traveling to Hawaii for said unilaterally noticed meetings."  Complaint ¶ 15.  Ichinotsubo consequently "cancelled long standing travel plans to California," which Plaintiffs say "included meetings critical to Plaintiffs' business interests."  Complaint ¶ 17.

According to Plaintiffs, on November 30, 2006, "Suzuki again contacted Plaintiffs directly, informing them that he once again demanded Plaintiffs' attendance at meetings Defendants had unilaterally scheduled in Hawaii for the week of December 4, 2006."  Complaint ¶ 18.  Plaintiffs say, "Despite repeated requests to cancel his intended travel to Japan, and having been informed of the harm to Plaintiffs' business that would be caused by [Suzuki's] intentional interference with Plaintiffs' business, [Suzuki] refused to confirm that he would not proceed with the intentional interference."  Complaint ¶ 18.  Plaintiffs also allege that "Defendants' intentional acts have caused direct and proximate harm to Plaintiffs' business and financial interests."  Complaint ¶ 20.

In their Complaint, Plaintiffs pray for:  (1) an order declaring that Defendants "intentionally interfered with

---

[2] The roles of Dr. Edwin Cadman and Dr. David Curb in this dispute are not stated.

5

Plaintiffs' business" and "intentionally interfered with Plaintiffs' contractual relations with others"; (2) an injunction enjoining Defendants "from further interference with Plaintiffs' business and contractual relations with others"; (3) damages in the amount of $10,000,000"; and (4) attorneys' fees and costs.

IV.	ANALYSIS.

Defendants ask this court to dismiss the Complaint or to require Plaintiffs to amend the Complaint, arguing that "the Complaint failed to disclose Plaintiffs' precise claim against Defendants." Defendants construe the Complaint as asserting a claim for tortious interference with contractual relations, and argue that the Complaint "fails to allege all of the necessary elements" for such a claim.

Plaintiffs do not contest the legal authorities cited by Defendants, but, pointing to the Counterclaim filed in this action, contend that "Defendants know full well that the issues stated in the Complaint are directly related to the issues alleged in their Counterclaim." Plaintiffs argue that the Counterclaim "provide[s] demonstrable proof that, of the various interactions and relationships between the Parties, [Defendants] knew precisely which ones were at issue."

The court agrees with Defendants that the Complaint is insufficient.

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper under Rule 12(b)(6) "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Id. When deciding a motion under Rule 12(b)(6), the court does not "supply essential elements of a claim that were not initially plead." Richards v. Harper, 864 F.2d 85, 88 (9th Cir. 1988).

In the Complaint, Plaintiffs appear to assert a claim for tortious interference with contractual relations, as they assert that the meetings "unilaterally noticed" by Defendants interfered with Plaintiffs' "prior scheduled business, including meetings and business with [Plaintiffs'] contractual partners." Complaint ¶¶ 15-16. Under Hawaii law, the requisite elements of tortious interference with contractual relations are: "1) a contract between the plaintiff and a third party; 2) the defendant's knowledge of the contract; 3) the defendant's intentional inducement of the third party to breach the contract; 4) the absence of justification on the defendant's part; 5) the subsequent breach of the contract by the third party; and 6) damages to the plaintiff."

In the Complaint, Plaintiffs refer to "contractual partners" and say that Defendants "had full notice that their intended and threatened actions would cause direct and proximal

harm to Plaintiffs." Complaint ¶ 16. Plaintiffs also allege that Defendants' actions "caused direct and proximate harm to Plaintiffs' business and financial interests." Complaint ¶ 20. However, the Complaint does not allege: (1) that Defendants knew of any contract between Plaintiffs and a third party; (2) that Defendants intentionally induced any third party to breach a contract with Plaintiffs; or (3) that any contract between Plaintiffs and a third party was breached. Without more, the Complaint lacks any allegation of facts supporting all of the elements of a claim for tortious interference with contractual relations.

If Plaintiffs intended that the Complaint be read as stating other claims, that is unclear. Plaintiffs have not identified any such other claim in their opposition memorandum. The court is left with the allegations in the Complaint, which are insufficient to support a claim for tortious interference with contractual relations.

Plaintiffs make the unavailing argument that Defendants surely know what issues are raised in the Complaint because the Counterclaim is based on the same interactions. Even if Plaintiffs could show that the underlying facts in both pleadings are related, the Complaint must still state a claim. The Complaint does not state a claim, and the facts alleged in the

Counterclaim do not somehow indicate what wrongdoing Plaintiffs are claiming.

The court dismisses the Complaint for failure to state a claim.  See Navarro, 250 F.3d at 732 ("Dismissal is proper only where there is . . . an absence of sufficient facts alleged to support a cognizable legal theory.").  However, because the court can "'conceive of facts' that would render [Plaintiffs'] claim viable" and because the court "discern[s] from the record no reason why leave to amend should be denied," the court grants Plaintiffs leave to amend the Complaint.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 701 (9th Cir. 1990).

V.       CONCLUSION.

The court dismisses the Complaint and grants Plaintiffs leave to file an amended Complaint by April 9, 2007.  If Plaintiffs do not amend the Complaint by that date, this action will automatically be dismissed.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 9, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**Eurus Genomics, Inc., et al. v. Genesys Technologies, Inc., et al.**, Civ. No. 06-00651 SOM/LEK; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS.