CARLSMITH BALL LLP

DUANE R. MIYASHIRO        6513-0
JOHN P. DOBROVICH, JR.    8531-0
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, HI  96813
Tel No. 808.523.2500
Fax No. 808.523.0842
Email:  dmiyashiro@carlsmith.com
        jdobrovich@carlsmith.com

Attorneys for Defendants
GENESYS TECHNOLOGIES, INC.
AND TOSHIAKI SUZUKI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EURUS GENOMICS, INC. a Delaware corporation, and DANA ICHINOTSUBO,<br><br>             Plaintiffs,<br><br>     vs.<br><br>GENESYS TECHNOLOGIES, INC., a Japan corporation, and TOSHIAKI SUZUKI,<br><br>             Defendants. | CIVIL NO. CV06-00651 SOM-LEK<br><br>DEFENDANTS GENESYS TECHNOLOGIES, INC. AND TOSHIAKI SUZUKI'S ANSWER TO AMENDED COMPLAINT FILED MARCH 9, 2007; CERTIFICATE OF SERVICE |

**DEFENDANTS GENESYS TECHNOLOGIES,
INC. AND TOSHIAKI SUZUKI'S ANSWER TO
AMENDED COMPLAINT FILED MARCH 9, 2007**

Defendants Genesys Technologies, Inc. ("Genesys") and Toshiaki Suzuki ("Suzuki") (collectively referred to as "Defendants"), by and through their attorneys, Carlsmith Ball LLP, answer the Amended Complaint Filed March 9, 2007 ("Amended Complaint") by Plaintiffs Eurus Genomics, Inc. ("Eurus") and Dana Ichinotsubo (collectively referred to as "Plaintiffs") as follows:

**FIRST DEFENSE**

1. The Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

**SECOND DEFENSE**

2. Defendants admit the allegations contained in paragraphs 1, 3, 4, 6 and 7 of the Amended Complaint.

3. Defendants deny the allegations contained in paragraphs 5, 8, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 28, 29, 30, 31, 34, 35, 36, 38, 39, 40 and 41 of the Amended Complaint.

4. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 2, 9 and 27 of the Amended Complaint.

    5. The allegations contained in paragraph 33 of the Amended Complaint are denied to the extent they contain misstatements of the law.

    6. With respect to the allegations in paragraph 10 of the Amended Complaint, Defendants admit that (a) on or about February 15, 2005, Defendants entered into a written agreement with Plaintiffs, whereby Plaintiffs agreed to provide specific research services to Defendants, for the total contract price of Five Hundred Thousand Dollars ($500,000.00 U.S.D.), and (b) the services to be provided by Plaintiffs included, but were not limited to, the procurement of between two hundred seventy (270) to three hundred (300) Rheumatology patient DNA samples, but not less than two hundred seventy (270), but deny all remaining or otherwise inconsistent allegations contained in paragraph 10 of the Amended Complaint.

    7. With respect to the allegations in paragraph 12 of the Amended Complaint, Defendants admit that (a) on or about June 15, 2005, Defendants entered a second written agreement with Plaintiffs whereby Plaintiffs agreed to provide additional research and analysis to Defendants, for the total cost of One Hundred Thousand Dollars ($100,000.00 U.S.D.), and (b) on or about June 30, 2005, Defendants entered a third written agreement with Plaintiffs whereby Defendants and Plaintiffs agreed to conduct joint development research on two pharmaceutical drugs, with a total contribution from Defendants of Five Hundred

Thousand Dollars ($500,000.00 U.S.D.), but deny all remaining or otherwise inconsistent allegations contained in paragraph 10 of the Amended Complaint.

8. In response to the allegations contained in paragraphs 26, 32 and 37 of the Amended Complaint, Defendants reallege and incorporate herein by reference their answers to said paragraphs set forth hereinabove.

9. Defendants deny each and every allegation not specifically addressed above.

### THIRD DEFENSE

10. This Court lacks personal jurisdiction over Defendants.

### FOURTH DEFENSE

11. This Court lacks subject matter jurisdiction over Plaintiffs' claims.

### FIFTH DEFENSE

12. Defendants intend to rely upon the defenses of lack of notice and lack of duty.

### SIXTH DEFENSE

13. Defendants intend to rely upon the defenses of waiver and estoppel.

### SEVENTH DEFENSE

14. Defendants intend to rely on the defense of unclean hands.

## EIGHTH DEFENSE

15. Defendants intend to rely on the defense that Plaintiffs breached and/or otherwise failed to perform all of their duties and obligations under the Contracts at issue.

## NINTH DEFENSE

16. Defendants will rely on the affirmative defense of insufficiency of service of process.

## TENTH DEFENSE

17. Defendants affirmatively allege that Plaintiffs' claims are barred by failure and/or lack of consideration.

## ELEVENTH DEFENSE

18. Defendants intend to rely upon the affirmative defense that Plaintiffs engaged in fraudulent and/or deceptive conduct.

## TWELFTH DEFENSE

19. Defendants affirmatively allege that if Plaintiffs were damaged as alleged, such damage was proximately caused by persons or entities over which Defendants had no control and for whose acts or omissions Defendants are not responsible.

## THIRTEENTH DEFENSE

20. Defendants intend to rely upon the defense of failure to mitigate alleged damages.

## FOURTEENTH DEFENSE

21. Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages would violate Defendants' procedural and substantive due process rights under the United States Constitution and the Hawaii Constitution.

## FIFTEENTH DEFENSE

22. The statements which Plaintiffs' allege are defamatory do not constitute slander *per se*.

## SIXTEENTH DEFENSE

23. The statements which Plaintiffs' allege are defamatory, if any, are opinions and not statements of fact.

## SEVENTEENTH DEFENSE

24. Defendant Suzuki did not make the alleged defamatory statements.

## EIGHTEENTH DEFENSE

25. Defendants will rely on the defense of truth.

## **NINETEENTH DEFENSE**

26. Defendants intend to rely on any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants pray as follows:

a. That the Amended Complaint herein be dismissed with prejudice;

b. That Defendants be awarded their attorneys' fees and costs; and

c. For such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, March 23, 2007.

/s/ Duane R. Miyashiro
DUANE R. MIYASHIRO
JOHN P. DOBROVICH, JR.

Attorneys for Defendants
GENESYS TECHNOLOGIES, INC.
AND TOSHIAKI SUZUKI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EURUS GENOMICS, INC., a Delaware corporation, and DANA ICHINOTSUBO,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>GENESYS TECHNOLOGIES, INC., a Japan corporation, and TOSHIAKI SUZUKI,<br><br>　　　　　Defendants. | CIVIL NO. 06-00651 SOM-LEK<br><br>CERTIFICATE OF SERVICE |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date indicated below, a true and correct copy of the foregoing document was duly served on the following at their last known addresses in the manner indicated below:

**MAIL　FAX　DELIVERY**

DANIEL F.S. LEE, ESQ.　　　　　　　　　　　　　　　　X
500 Ala Moana Blvd., Suite 3-403
Honolulu, Hawaii 96813
　　　and
RICHARD J. OPARIL, ESQ.　　　　　X
Patton Boggs LLP
2550 M Street, NW
Washington, DC  20037

Attorneys for Plaintiffs
EURUS GENOMICS, INC. and
DANA ICHINOTSUBO

4831-5559-7825.1.060586-00001

-2-

DATED: Honolulu, Hawaii, March 23, 2007.

/s/ Duane R. Miyashiro
DUANE R. MIYASHIRO
JOHN P. DOBROVICH, JR.

Attorneys for Defendants
GENESYS TECHNOLOGIES, INC.
AND TOSHIAKI SUZUKI