CARLSMITH BALL LLP

DUANE R. MIYASHIRO    6513-0
JOHN P. DOBROVICH, JR.   8531-0
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, HI  96813
Tel No. 808.523.2500
Fax No. 808.523.0842
Email:  dmiyashiro@carlsmith.com
         jdobrovich@carlsmith.com

Attorneys for Defendant/Counterclaim Plaintiff
GENESYS TECHNOLOGIES, INC. and
Defendant TOSHIAKI SUZUKI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EURUS GENOMICS, INC., a Delaware corporation, and DANA ICHINOTSUBO,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>GENESYS TECHNOLOGIES, INC., a Japan corporation, and TOSHIAKI SUZUKI,<br><br>　　　　Defendants.<br><br>　and<br><br>GENESYS TECHNOLOGIES, INC.,<br><br>　　　　Counterclaim Plaintiff,<br><br>　vs.<br><br>EURUS GENOMICS, INC. and DANA ICHINOTSUBO,<br><br>　　　　Counterclaim Defendants. | CIVIL NO. 06-00651 SOM-LEK<br><br>DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FILED JUNE 15, 2007; CERTIFICATE OF SERVICE<br><br><br><br>**Hearing:**<br>Date:　July 25, 2007<br>Time:　10:00 a.m.<br>Judge:　Hon. Leslie E. Kobayashi<br><br><br>Trial Date: March 4, 2008 |

# DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FILED JUNE 15, 2007

Plaintiffs' Motion for leave to File Second Amended Complaint should be denied since Defendants will be unduly prejudiced if Plaintiffs are allowed to bring in a new party and new claims involving different contractual agreements within eight months of trial.

## I. THE MOTION SHOULD BE DENIED SINCE ALLOWING PLAINTIFFS TO AMEND THEIR COMPLAINT WOULD CAUSE UNDUE PREJUDICE AND DELAY TO DEFENDANTS.

A court should not allow an amendment to the pleadings where it would cause the nonmoving party undue prejudice, including undue delay in litigation; is sought in bad faith; or is futile. *AmerisourceBergen Corp. v. Dialysist West*, Inc., 465 F.3d 946, 951 (9th Cir. 2006). A district court does not abuse its discretion in denying a motion for leave to amend when a new claim would prejudice the nonmoving party by "greatly chang[ing] the nature of the litigation." *Keiter v. Penn Mut. Ins. Co.*, 900 F.Supp. 1339, 1342 (D. Hawai'i 1995) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Plaintiffs' First Amended Complaint and the corresponding Counterclaim pertain to three discrete written agreements between the parties. Now, seven months after filing their initial Complaint, Plaintiffs seek to add a new party and additional substantive allegations and theories that are separate and distinct from

the contractual agreements at issue. The new allegations are not "substantially related to … the facts already at issue in this case[,]" as Plaintiffs purport. Pl's Memo. at 2. To the contrary, each of Plaintiffs' new allegations in the proposed second amended complaint, including breach of contract, unjust enrichment, declaratory judgment, and fraud, are expressly related to Antara Bioscience, Inc., which is not a party to the three written agreements currently at issue in this matter. Those new claims also involve different contractual agreements that are not at issue in this action.

The new claims would require extensive additional discovery and greatly change the nature of the litigation. *See Morongo*, 893 F.2d at 1079 ("The new claims set forth in the amended complaint would have required defendants to have undertaken … an entirely new course of defense."). Indeed, "[p]utting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial." *Keiter*, 900 F.Supp. at 1432 (internal quotation omitted).

This Court recently denied a plaintiff's motion to amend her complaint under similar circumstances. *See Finazzo v. Hawaiian Airlines*, 2007 WL 1080095 (D. Hawai'i April, 6, 2007) (J. Kobayashi). In *Finazzo*, this Court held that "allowing plaintiff to amend her claims to include new factual allegations would unduly delay the case and would prejudice Defendant." *Finazzo*, 2007 WL

1080095 at *5. The proceedings in *Finazzo*, were approximately eight months away from trial.[1] Similarly, trial for this matter is approximately eight months away.

Further, as discussed above, the proposed new claims are unrelated to the written agreements currently at issue. Therefore, the addition of new factual allegations would cause significant delay, prejudicing Defendants' interest in a speedy resolution of the instant action. *See id.* On the other hand, Plaintiffs will not be prejudiced if the motion is denied. As this Court noted in *Finazzo*, "Plaintiff[s] have another avenue to test [their] claims on the merits because [they] may be able to bring the new allegations in a separate law suit." *Id*.

Defendants concede that the Report of Parties Planning Meeting Filed April 13, 2005 states that the parties "should be allowed until September 4, 2007 to join additional parties and to amend pleadings without leave of court." However, this proposal was intended to allow for the addition of parties and allegations pertaining to the contractual agreements at issue in the case — not a different dispute involving a different agreement with new claims and parties that would greatly change the nature of the present litigation. As shown above, the proposed additions in Plaintiffs' Motion to Amend, fall under the latter. Plaintiffs should not, therefore, be allowed to use the Report of Parties' Planning Meeting as a

---

[1] The *Finazzo* opinion is dated April 6, 2007 and the opinion notes that trial was scheduled for November 2007. *Id.*

sword to cause further delay and prejudice upon Defendants.  Defendants have a legitimate interest in obtaining a speedy resolution of this action.  Finally, Defendants are legitimately concerned that adding a new party and new claims related to different contractual agreements will result in confusion of issues to the trier of fact.

## II. CONCLUSION.

For the reasons set forth above, Defendants respectfully request this Honorable Court to deny Plaintiffs' Motion for Leave to File Second Amended Complaint, filed on June 15, 2007.

DATED:  Honolulu, Hawaii, July 6, 2007.

/s/ John P. Dobrovich, Jr.
DUANE R. MIYASHIRO
JOHN P. DOBROVICH, JR.

Attorneys for Defendant/Counterclaim Plaintiff GENESYS TECHNOLOGIES, INC. and Defendant TOSHIAKI SUZUKI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EURUS GENOMICS, INC., a Delaware corporation, and DANA ICHINOTSUBO,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>GENESYS TECHNOLOGIES, INC., a Japan corporation, and TOSHIAKI SUZUKI,<br><br>　　　　Defendants.<br><br>　and<br><br>GENESYS TECHNOLOGIES, INC.,<br><br>　　　　Counterclaim Plaintiff,<br><br>　vs.<br><br>EURUS GENOMICS, INC. and DANA ICHINOTSUBO,<br><br>　　　　Counterclaim Defendants. | CIVIL NO. 06-00651 SOM-LEK<br><br>CERTIFICATE OF SERVICE |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served upon the following parties on this date as indicated below:

|  | Electronically through CM/ECF | U.S. Mail |
|---|---|---|
| DANIEL F.S. LEE, ESQ.<br>500 Ala Moana Boulevard, Suite 3-403<br>Honolulu, HI 96813 |  | X |

　　　and

|  | Electronically through CM/ECF | U.S. Mail |
|---|---|---|
| RICHARD J. OPARIL, ESQ. roparil@pattonboggs.com Patton Boggs LLP 2550 M Street, NW Washington, DC 20037 | | |

Attorneys for Plaintiffs/Counterclaim Defendants
EURUS GENOMICS, INC. and DANA ICHINOTSUBO

DATED: Honolulu, Hawaii, July 6, 2007.

/s/ John P. Dobrovich, Jr.
DUANE R. MIYASHIRO
JOHN P. DOBROVICH, JR.

Attorneys for Defendant/Counterclaim Plaintiff
GENESYS TECHNOLOGIES, INC. and
Defendant TOSHIAKI SUZUKI