DANIEL F. S. LEE 673
500 Ala Moana Boulevard
Suite 3-403
Honolulu, HI 96813
Telephone: (808) 537-1233

Richard J. Oparil
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000

Attorney for Plaintiffs

| | |
|---|---|
| EURUS GENOMICS, INC., and DANA ICHINOTSUBO,<br><br>    Plaintiffs,<br><br>    vs.<br><br>GENESYS TECHNOLOGIES, INC., and TOSHIAKI SUZUKI,<br><br>    Defendants. | CIVIL NO. 06-00651 SOM-LEK<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>HEARING:<br>Date: July 25, 2007<br>Time: 10:00 a.m.<br>Judge: Hon. Leslie E. Kobayashi<br><br>TRIAL DATE: MARCH 4, 2008 |
| GENESYS TECHNOLOGIES, INC.,<br><br>    Counterclaim Plaintiff,<br><br>    vs.<br><br>EURUS GENOMICS, INC. and DANA ICHINOTSUBO,<br><br>    Counterclaim Defendants. | |

**[ CERTIFICATE OF SERVICE ATTACHED]**

The opposition filed defendants, Genesys Technologies, Inc. and Toshiaki Suzuki, prevents no valid reason to deny the motion for leave to file a second amended complaint filed by plaintiffs, Eurus Genomics, Inc. and Dana Ichinotsubo. As such, the motion should be granted and Antara Biosciences, Inc. ("Antara") should be added as a plaintiff here.

## **ARGUMENT**

Defendants oppose the plaintiffs' motion based on the alleged prejudice that would result from the amendment.[1] They bear the burden of establishing prejudice. *See, e.g.*, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *Klett v. Int'l Cruise Mgt. Agency A/S*, 2007 U.S. Dist. Lexis 49922 at *13 (D. Haw. July 10, 2007) (Kobayashi, J.). They have not met that burden.

As an initial matter, defendants acknowledge that they agreed to the Report of Parties' Planning Meeting that the parties would have until September 4, 2007 "to join additional parties and to amend pleadings without leave of Court." (Dkt. No. 21 ¶ 4(c)). While they now argue that agreement was intended to pertain to to the research agreements between Eurus and Genesys, the plain language of the report is not so limited.[2] Moreover, the Court's Rule 16 scheduling order

---

[1] Defendants do not assert that the second amended complaint is asserted in bad faith or would be futile.

[2] In fact, this written agreement should be sufficient to permit the amended pleading to be filed without leave of court.

expressly provides that "[a]ll motions to join additional parties or to amend the pleadings shall be filed by August 3, 2007." (Dkt. No. 30 ¶ 5). Plaintiffs filed the instant motion approximately two months before that deadline. (Dkt. Nos. 52, 54).

Not only was plaintiffs' motion for leave filed well in advance of the Court's deadline, the case remains in the earliest phase of discovery. The parties have only recently exchanged document discovery. Plaintiffs produced approximately 5,000 pages – including documents pertaining to Antara.[3] No depositions have been held yet. Discovery does not close until January 4, 2008 and trial is set for March 4, 2008. (Dkt. No. 30 ¶¶ 1, 12).

The cases that defendants cite in support of their position are simply inapposite. Defendants rely on *Keiter v. Penn Mut. Ins. Co.*, 900 F. Supp. 1339, 1342 (D. Haw. 1995), but fail to point out that the Court ruled that "[d]enial of a motion to amend is proper where there has been undue delay and **more importantly, where discovery has closed**." *Id*. at 1342 (citations omitted). Moreover, the Court in that case actually granted the motion for leave to amend. *Id*. at 1343.

Defendants also rely on this Court's decision in *Finazzo v. Hawaiian Airlines*, 2007 WL 1080095 (D. Haw. Apr. 6, 2007) (Kobayashi, J.). However, as the Court knows, the motion for leave to amend in *Finazzo* was not made until well

---

[3] Defendants produced only about 400 pages and it appears that there are significant gaps in their production pertaining to the existing claims.

after the expiration of the deadlines for filing amended pleadings and fact discovery. This Court ruled that:

> The Court finds that allowing Plaintiff to amend her claims to include the new factual allegations would unduly delay the case and would prejudice Defendant. The instant case is **nearing its completion** and was set for trial in June until the rescheduling of Plaintiff's deposition required the continuance of the trial date until November 2007. To expand Plaintiff's claims to include the new incidents would **require the reopening of almost all major pretrial deadlines**. For example, the parties currently have until May 28, 2007 to complete discovery, but only as to damages, and Defendant has until June 11, 2007 to refile its two previous motions for summary judgment, but neither party may file new or different dispositive motions. Thus, the addition of the new factual allegations would significantly delay the case and would prejudice Defendant's interest in a speedy resolution of the instant action.

*Id*. at *5 (emphasis added).[4]

In the circumstances of this case, neither *Keiter* nor *Finazzo* support the denial of plaintiffs' motion to amend. The Rule 16 Order deadlines for seeking leave to amend, the close of discovery, and the filing of dispositive motions have not yet expired (Dkt. No. 30 ¶¶ 5, 7, 12) – and will not expire for several months. No depositions in the case have occurred.

---

[4] The defendants also rely on *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990), in which the motion for leave to amend was made after the case had been pending for **two years**. Even there, the Ninth Circuit found that such a delay was "not fatal to amendment, but it enters into the balance." *Id*. (citation omitted).

Further, contrary to defendants' suggestion, the proposed amended pleading adds allegations that arise from and are directly related to the Eurus/Genesys relationship that form the basis for the existing amended complaint and counterclaim. The existing claims by Eurus and Ichinotsubo do relate to Antara. The amended complaint alleges that defendants' conduct interfered with plaintiffs' on-going business activity (Dkt. No. 15), which includes Eurus' formation of and investment in Antara and Antara's efforts to obtain a license to certain technology owned by Toshiba Corporation. Thus, plaintiffs' activities related to Antara are already at issue.

Moreover, defendants' amended counterclaim asserts claims against plaintiffs based on certain research contracts, including for research in the field of rheumatoid arthritis. (*See, e.g.*, Dkt. No. 18 ¶¶ 8, 20-21). They go on to allege, *inter alia*, that plaintiffs failed to disclose information relating to the status of work on the projects and breached the contracts. (*See, e.g.*, *id.* ¶¶ 40-45). For example, defendants expressly allege that plaintiffs breached one of the contracts by failing to conduct any analysis of DNA samples using an Affymetrix chip before the termination of the contract. (*Id.* ¶ 59).

Defendants' opposition to the instant motion does not contest plaintiffs' argument in their moving papers that "evidence that Eurus and Ichinotsubo will use to defend against defendants' counterclaims substantially overlaps with

evidence that would prove plaintiffs' newly amended claims." (Dkt. No. 54 at 3). In other words, the facts that are central to the second amended complaint would be the same facts that plaintiffs would use to rebut the allegations in defendants' counterclaims.

The second amended complaint alleges that:

> In or around April 2005, Suzuki suggested that, in light of the difficulties that had been encountered in collecting the RA samples, the parties could modify their then-existent business plan to both parties' benefit. Suzuki suggested that Eurus approach Toshiba Corporation concerning certain DNA detection technology of which Suzuki was aware. Suzuki represented that the Toshiba technology could be valuable in continuing the RA project and would enable Eurus and Genesys to recover their investments and yield a profitable business.
>
> At Suzuki's urging, Eurus invited the Toshiba representatives to Hawaii so that Suzuki could present the proposed business opportunity. Suzuki presented a plan wherein, since Toshiba was already involved in the RA project, Eurus might be able to further advance the development of the Toshiba technology. Suzuki quickly turned the discussion from the RA project to one where Eurus would direct its efforts to develop a business to promote Toshiba's technology in the United States.
>
> Eurus, at its own expense, proceeded to establish what would become a new and separate new corporate entity – Antara.
>
> The evaluation of the Toshiba technology and the negotiations that ensued, spanned the period of approximately October 2005 through March 2006. From the outset, Suzuki represented, first to Eurus, and then Antara, that he would be responsible for identifying Japanese investors and would interface and manage the investor relationships.

> After agreeing to move forward with the establishment of Antara (to be based upon the Toshiba-licensed technology), Suzuki demanded a "commission" for any funds he raised from Antara investors in Japan. In addition, he demanded that Genesys be issued shares of Antara once formed.

(Dkt. No. 54 Ex. 1 ¶¶ 32-36). The second amended complaint goes to detail the wrongdoing by Genesys and Suzuki and the resulting injury to Antara and Eurus. (*Id*. ¶¶ 37-48, 67-89).

Clearly, the allegations regarding Antara are related to the existing dispute about rheumatoid arthritis research projects. Genesys and Suzuki proposed that Eurus approach Toshiba to try to obtain access to its technology to complete the arthritis research. That suggestion led to the creation of Antara and the events that followed. The same facts that rebut defendants' counterclaims would also be used to prove the claims to be added in plaintiffs' proposed second amended counterclaim. Thus, defendants' assertion that the claims are unrelated is simply wrong.

Defendants' opposition to the motion to amend is further belied by their own discovery requests to plaintiffs. Defendants failed to explain why, if the issues were not related, they requested production of "[a]ll documents concerning any claims or lawsuits against Antara BioSciences [sic] from 1995 through the present." (Dkt. No. 54 Ex. 2 Request No. 29).

Finally, defendants concede that plaintiffs and Antara could bring their claims in a different action. (Dkt. No. 73 at 4). There is no doubt that this Court would have subject matter and personal jurisdiction over such claims. The parties and issues in a separate case would overlap with those in this case. Discovery in one case would be relevant to the other. Judicial economy would not be served by denying plaintiffs' motion, resulting in this Court having to hear two pending cases rather than one. The burden and expense on the Court and the parties would be reduced if the dispute would be decided in one case.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motion for leave to file a second amended complaint should be granted.

Dated:  July 13, 2007        Respectfully submitted,

       /s/ Richard J. Oparil
Daniel F. S. Lee  673
Richard J. Oparil

*Attorneys for Plaintiffs/Counterclaim
Defendants Eurus Genomics, Inc. and
Dana Ichinotsubo*

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served on July 13, 2007 by email on the following:

>Duane R. Miyashiro, Esq.
>(dmiyashiro@carlsmith.com)
>John P. Dobrovich, Jr., Esq.
>(jdobrovich@carlsmith.com)
>
>*Attorneys for Defendants/Counterclaim Plaintiff*

>  /s/ Richard J. Oparil
>Daniel F.S. Lee
>Richard J. Oparil
>
>*Attorneys for Plaintiffs/Counterclaim Defendants*
>*Eurus Genomics, Inc. and Dana Ichinotsubo*