IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EURUS GENOMICS, INC., DANA ICHINOTSUBO and ANTARA BIOSCIENCES, INC., | ) ) ) | CIV. NO. 06-00651 SOM-LEK |
| Plaintiffs, | ) ) ) | ORDER GRANTING ICHINOTSUBO'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS; ORDER |
| vs. | ) ) | DENYING SUZUKI'S COUNTERMOTION FOR PARTIAL |
| GENESYS TECHNOLOGIES, INC. and TOSHIAKI SUZUKI, | ) ) ) | JUDGMENT ON THE PLEADINGS |
| Defendants. | ) ) ) | |
| _____ | ) | |

ORDER GRANTING ICHINOTSUBO'S MOTION FOR PARTIAL JUDGMENT ON THE
PLEADINGS; ORDER DENYING SUZUKI'S
COUNTERMOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

I.   INTRODUCTION.

Plaintiff/Counterclaim Defendant Dana Ichinotsubo has moved for partial judgment on the pleadings. Ichinotusbo contends that he is not individually liable for the alleged breach of contract claims asserted in Counts I, II, and III of the Second Amended Counterclaim and for the alleged breach of the duty of good faith and fair dealing claim asserted in Count V of that counterclaim. Defendant/Counterclaim Plaintiff Toshiaki Suzuki does not oppose Ichinotsubo's motion. Accordingly, that motion is granted, leaving for further adjudication the intentional and/or negligent misrepresentation (Count IV), fraud (Count VI), and fraudulent inducement (Count VII) claims asserted in the Second Amended Counterclaim.

Along with his statement of no opposition to Ichinotsubo's motion, Suzuki filed a countermotion, arguing that Suzuki, like Ichinotsubo, cannot be individually liable for the breach of the duty of good faith and fair dealing claim (Count II) and the breach of contract claim (Count IV) asserted against Suzuki in the Second Amended Complaint.  Because the breach of the duty of good faith and fair dealing claim is not being asserted against Suzuki individually, and because the breach of contract claim is allegedly based on contracts that Suzuki personally entered into, Suzuki's countermotion is denied.[1]

II.     LEGAL STANDARD.

> Rule 12(c) states:
>
> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The standard governing a Rule 12(c) motion for judgment on the pleadings is essentially the same as that governing a Rule 12(b)(6) motion.  The motion will not be granted if, accepting as true all material allegations contained in the nonmoving party's

---

[1] Pursuant to Local Rule 7.2(d), the court decides the motion and countermotion without a hearing.

pleadings, the moving party is entitled to judgment as a matter of law. Lake Tahoe Watercraft Recreation Ass'n v. Tahoe Reg'l Planning Agency, 24 F. Supp. 2d 1062, 1066 (E.D Cal. 1998). For a Rule 12(c) motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. Id. However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment. Id.

III.     ANALYSIS.

Under Hawaii law, so long as there is no intent by the parties to have an officer or an agent of a company be personally liable for a contract that the company enters into, that officer or agent is not personally liable for contract claims arising out of the company's breach of the contract. See Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship, 115 Haw. 201, 213-14, 166 P.3d 961, 973-74 (2007) (an agent of a company is not individually liable on a contract entered into by the company, as the agent is not a party to the contract); Hokama v. Relinc Corp. 57 Haw. 470, 475, 559 P.2d 279, 282-83 (1977) ("It has been

recognized in other jurisdictions that an officer's signature as agent of a corporation does not ipso facto preclude his personal liability on the contract, particularly where, as here, the contract contains inconsistent language tending to show an intent to impose personal liability."); Corps Constr. v. Hasegawa, 55 Haw. 474, 476, 522 P.2d 694, 695 (1974) (agent of company not personally liable for contract claims against company); 17A Corpus Juris Secundum Contracts § 364 (West 2007) ("an individual who signs a corporate contract and indicates the name of the corporation and the nature of his or her representative capacity on the contract is generally not subject to personal liability on the contract").

Although the Second Amended Counterclaim alleges that Genesys Technologies, Inc., entered into the various agreements with both Ichinotsubo and Eurus Genomics, see Second Amended Counterclaim ¶¶ 8, 12, 17, 19, 20, 23, 26, there is no dispute that Ichinotsubo signed those agreements in his capacity as a director of Eurus. There is also no dispute that there was no intent that Ichinotsubo be personally liable under those agreements. See Opposition at 7 ("Genesys does not oppose dismissal of Counts I, II, III, and V of the Second Amended Counterclaim against Mr. Ichinotsubo individually . . . since Mr. Ichinotsubo is not a party to the contracts at issue."). Accordingly, Ichinotsubo is entitled to judgment on the pleadings on the alleged breach of contract claims asserted in Counts I,

II, and III of the Second Amended Counterclaim and on the alleged breach of the duty of good faith and fair dealing claim asserted in Count V of that counterclaim.

Suzuki argues that, like Ichinotsubo, he is not personally liable for alleged breach of contract because Suzuki signed the contracts as the President of Genesys.  Suzuki therefore argues that he is entitled to judgment on the pleadings on Counts II and IV of the Second Amended Complaint, which assert claims for breach of good faith and fair dealing (Count II) and breach of contract (Count IV).  The court does not agree that Suzuki is entitled to judgment on the pleadings.

First, the Second Amended Complaint does not allege that Suzuki breached a duty of good faith and fair dealing. Instead, that claim is limited to Genesys.  See Second Amended Complaint ¶¶ 56-58; Reply Memorandum in Support of Motion for Partial Judgment on the Pleadings (Nov. 5, 2007) at 3 ("Count II, breach of the duty of good faith and fair dealing, is **not** directed at Suzuki personally. . . . Clearly, the claim is made solely against Genesys.").  Accordingly, there is no need for this court to rule that Suzuki cannot be liable for the breach of the duty of good faith and fair dealing asserted in Count II of the Second Amended Complaint.

Second, unlike the Second Amended Counterclaim, which alleges breaches of contract arising out of the written agreements between corporate entities, the Second Amended

Complaint alleges a breach of contract arising out of oral agreements and other courses of dealing in which Suzuki was allegedly involved in his personal, rather than corporate, capacity.  See, e.g., Second Amended Complaint at ¶ 66 ("Based on an oral agreement and/or course of dealings, Genesys and Suzuki entered into a contract and understanding with Antara and Eurus.").  On the present countermotion for partial judgment on the pleadings, the allegations of the Second Amended Complaint must be taken as true.  Because Suzuki might be personally liable on the alleged contracts he entered into himself, Suzuki's countermotion to dismiss the breach of contract claim is denied.

IV.      CONCLUSION.

To the extent the Second Amended Counterclaim alleges breach of contract or breach of the duty of good faith and fair dealing claims against Ichinotsubo individually (Counts I, II, III, and V), judgment on the pleadings is entered in Ichinotsubo's favor.  Ichinotsubo's October 3, 2007, motion for

partial judgment on the pleadings is granted.  Suzuki's October 26, 2007, countermotion, on the other hand, is denied.

                IT IS SO ORDERED.



                DATED: Honolulu, Hawaii, November 9, 2007.

                              /s/ Susan Oki Mollway
                              Susan Oki Mollway
                              United States District Judge

Eurus Genomics, Inc., et al. v. Genesys Technologies, Inc., et al., Civ. No. 06-00651 SOM/LEK; ORDER GRANTING ICHINOTSUBO'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS; ORDER DENYING SUZUKI'S COUNTERMOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS